In the Matter of CLEOPHUS M.B., an Infant. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; ERIKA B., Respondent, et al., Respondent. JOHN G. KOSLOSKY, ESQ., Attorney for the Child, Appellant. [934 NYS2d 885]—

Memorandum: As limited by his brief, the Attorney for the Child appeals from that part of an order entered following a fact-finding hearing that dismissed the petition insofar as it alleged that the child who is the subject of this proceeding was derivatively neglected by respondent father. We affirm. Although Family Court Act § 1046 (a) (i) permits evidence of the father's neglect of siblings of the child to be considered in determining whether the child was neglected, "the statute does not mandate a finding of derivative neglect" (*Matter of Jocelyne J.*, 8 AD3d 978, 979 [2004]), and "such evidence typically may not serve as the sole basis of a finding of neglect" (*Matter of Evelyn B.*, 30 AD3d 913, 914 [2006], *lv denied* 7 NY3d 713 [2006]). Family Court properly concluded under the circumstances of this case that the evidence was insufficient to sustain a finding of derivative neglect (*see Matter of Ronald M.*, 254 AD2d 838, 839 [1998]). Present—Scudder, P.J., Smith, Green, Gorski and Martoche, JJ.

A.M. KAWSKI, on Behalf of Herself and All Other Employees Similarly Situated, Appellant, v JOHNSON & JOHNSON et al., Respondents. [934 NYS2d 886]—

It is hereby ordered that the order so appealed from is unanimously affirmed without costs for reasons stated in the decision at Supreme Court. Present—Scudder, P.J., Smith, Green, Gorski and Martoche, JJ.